IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
                Plaintiff,     §
                               §  Criminal No. 3:08-CR-338-D(01)
VS.                            §
                               §
ISHMAEL ADBUL MUHAMMAD,        §
                               §
                Defendant.     §

MEMORANDUM OPINION
AND ORDER

Defendant Ishmael Abdul Muhammad ("Muhammad") has filed March 1, 2009 motions for discovery and inspection of evidence, for evidence favorable to the defendant, to preserve agents' notes, for attorney participation in voir dire, and for separate hearing to determine the existence of a conspiracy for invocation of Rule 801(d)(2)(E).[1]  Plaintiff United States of America (the "government") has responded to the motions.  The court addresses the motions in this memorandum opinion and order.

---

[1]On March 11, 2009 the court granted a motion to withdraw filed by Muhammad's prior counsel.  On April 13, 2009 the court granted an unopposed motion for continuance that Muhammad filed. In that order, the court also continued the deadline for filing pretrial motions.  In doing so, it noted that defendant and his codefendant had filed various pretrial motions through prior counsel.  It directed that counsel for both defendants advise the court in writing whether they wished to pursue the motions filed by prior counsel or withdraw them.  In a June 12, 2009 notice, Muhammad withdrew his motion to suppress but did not withdraw the other motions.  The court now decides the remaining motions.

I

*Motions for Discovery and Inspection of Evidence
and for Evidence Favorable to the Defendant*

The court considers together Muhammad's motion for discovery and inspection of evidence and motion for evidence favorable to the defendant.   In these motions, Muhammad seeks the production of several categories of information.   The government opposes the motions to the extent Muhammad seeks discovery beyond that to which he is legally entitled.   The government commits to full compliance with the discovery requirements of Fed. R. Crim. P. 16, 18 U.S.C. § 3500 (the "Jencks Act"), *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.   The court addresses the components of Muhammad's discovery requests below.

A

*Requests for Defendant's
Oral, Written, or Recorded Statements
and Confessions*

Muhammad asks the court to compel the government to disclose the following (category numbers shown in parentheses): (1) all written confessions, admissions, and statements signed by Muhammad in connection with the offense with which Muhammad is charged; (2) all oral confessions, admissions, and statements made by Muhammad in connection with the offense with which he is charged; (3) all oral, written, and recorded statements and memoranda of said statements made by Muhammad to any investigating officer, to any

- 2 -

member of any law enforcement agency, or to any third party who is in the possession of, or within the knowledge of, the United States Attorney's Office or any agent thereof, including any law enforcement agency; (12) any written waiver alleged by the government to have been signed by Muhammad concerning his right to counsel prior to making any written or oral statements when Muhammad was under arrest; and (13) any written consent to search signed by Muhammad.

The government explicitly agrees in response to permit Muhammad to inspect and copy any relevant written or recorded statement made by Muhammad and the substance of any oral statement that the government intends to offer in evidence at trial made by Muhammad in response to interrogation by any person then known to Muhammad to be a government agent.

To the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*; otherwise, the motion is denied.

B

*Request for Statements of
Alleged Coconspirators and Witnesses*

Muhammad moves for the production of the following (category numbers shown in parentheses): (4) all statements made by any party

or witness to this alleged offense, in the possession or within the knowledge of, the United States Attorney or any of his agents, including any law enforcement agency, whether written or oral, that might in any manner be material to either the guilt or innocence of Muhammad or to the punishment, if any, to be set in this case; and (5) any statements that would arguably be admissible as a "res gestae" statement, excited utterance, present sense impression or state of mind, that the government intends to introduce into evidence, either at the guilt/innocence stage or during the sentencing phase of the trial.

To the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by *Brady, Giglo*, a provision of Rule 16, Rule 26.2, or the Jencks Act, 18 U.S.C. § 3500; otherwise, the motion is denied.

The Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators. *See* Rule 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]"); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988)("[T]he Jencks Act explicitly provides that statements of witnesses, or prospective witnesses, including

- 4 -

coconspirators, are not discoverable until after the witness testifies[.]"); *id.* (holding that the fact that a coconspirator's statements are viewed as statements by the defendant under Fed. R. Evid. 801(d)(2)(E) does not make them discoverable under Rule 16(a)(1)(A) or (B)). And Rule 26.2 only applies to witnesses who actually testify. *See* Rule 26.2 (providing that rule applies "[a]fter a witness other than the defendant has testified on direct examination"). Therefore, while the government must comply with The Jencks Act and Rule 26.2 in accordance with their terms, it need not make pretrial disclosures except as required under Rule 16, *Brady*, or *Giglio*.

C

*Request for Documents and Objects*

Muhammad requests permission to inspect and copy the following (category numbers shown in parentheses): (6) all objects and tangible property alleged by the government to have been taken by Muhammad during the course of the commission of the offense with which Muhammad is herein charged; (10) all photographs of the scene of the alleged crime and the scene of Muhammad's arrest; (11) all articles of clothing, including shirts, pants, and shoes that allegedly belong to Muhammad; (8) all video tapes, audio tapes, or other electronically produced statements or pictures, photographs, or films of Muhammad made by, or in the care, custody, or control of, any law enforcement agency or the United States Attorney's

Office; (20) all documents, papers, books, accounts, letters, objects, and tangible things that are the property of Muhammad and that are in the possession, custody, and control of the government; (21) all documents, papers, books, accounts, letters, objects, and tangible things that are the property of any other person and that are in the possession, custody, and control of the prosecutor as a result of the investigation that resulted in the instant indictment and that are material evidence in this case as to Muhammad's guilt or innocence or as to the punishment, if any; and (16) any search warrant, arrest warrant and affidavits in support thereof.

In its brief, the government explicitly agrees to permit Muhammad to inspect and copy any papers, documents, photographs, or tangible objects, that are within the possession, custody, or control of the government, and that are material to the preparation of Muhammad's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to Muhammad.

To the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*; otherwise, the motion is denied.

D

*Request for Fingerprints*

In category no. 7, Muhammad requests all fingerprints, palm prints, and reports of same, alleged by the government to have been made by Muhammad in the commission of the offense with which Muhammad is herein charged.

To the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot.  Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, and *Giglio*; otherwise, the motion is denied.

E

*Request for Reports of Tests*

In category no. 9, Muhammad requests permission to inspect and copy any and all reports of scientific tests, experiments, and comparisons, and all other reports of experts, and the name and address of each person who made such report or performed such tests, experiments, and comparison concerning the alleged controlled substances[2] in this case.

The government has agreed to produce any results or reports of

---

[2]It is not clear how evidence of controlled substances is related to the offenses with which Muhammad is charged (bank fraud and wire fraud).  This motion may have been borrowed from another case.

physical or mental examinations and/or scientific tests or experiments that are within the possession, custody, or control of the government and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

To the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*; otherwise, the motion is denied.

F

### *Request for* Brady *and* Giglio *Disclosures*

Muhammad moves the court to direct the government to produce evidence that would tend to exculpate him under *Brady* or that would impeach or undermine the credibility of government witnesses under *Giglio*. Specifically, Muhammad requests production of the following (category numbers shown in parentheses): (17 [first]) the prior criminal record of each government witness, including all adult and juvenile arrests and convictions and all pending offenses; (2)(a) prior statements by a witness that are inconsistent with later statements; (2)(b) facts or evidence indicating the unreliability of any witness; (2)(c) evidence or information indicating the untruthfulness of a witness; (2)(d)

- 8 -

instructions to a government witness not to speak with defense counsel or to do so only in the presence of the government counsel; (2)(e) any evidence that would tend to show that Muhammad did not commit the offense alleged in this cause; and (2)(f) any evidence that would indicate that a person other than Muhammad committed, or is criminally responsible for, the offense alleged.  Additionally, Muhammad moves the court to require the government to reveal its entire file to the court, to order the government to determine if any prosecution witness has knowledge of any evidence that is possibly exculpatory or favorable to Muhammad and that such information be provided to the court for review in camera, and to order a copy of the aforesaid material not deemed to be exculpatory to be sealed for further review by an appellate court, if necessary.

The government agrees to comply with its obligations under *Brady* and *Giglio*.  It agrees to produce all evidence that would constitute impeachment of government witnesses, including any prior conviction of any government witness, that involved dishonesty or false statement, or for which the penalty was death or imprisonment in excess of one year under the law under which he was convicted; any pending criminal charges against any government witness; any specific instances of conduct of any government witnesses that would tend to show character for untruthfulness; any statement of any government witness that is inconsistent with his accusatory

statement that led to the indictment in this case; and any statement of any government witness that is inconsistent with testimony at trial. Moreover, the government agrees to submit any evidence that it elects not to disclose but that is arguably subject to disclosure to the court for in camera inspection.

Therefore, to the extent the government has agreed to the production Muhammad seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by *Brady* or *Giglio*; otherwise, the motion is denied.

G

*Request for Defendant's Prior Criminal Record*

Muhammad requests production of the following (category numbers shown in parentheses): (17 [second]) copies of any pen packets, certified government documents, prior conviction records, and any other document that the government intends to offer as evidence of the prior criminal record of Muhammad; (18) the prior criminal record of Muhammad, including all arrests and convictions; (22) a specification of prior extraneous misconduct that the United States Attorney intends to use to impeach Muhammad and/or any defense witness called to testify as to Muhammad's good character and reputation.

The government has agreed to produce such copy of Muhammad's prior criminal record, if any, as is within the possession, custody

- 10 -

or control of the government.    Therefore, to the extent the
government has agreed to the production Muhammad seeks, the court
denies the motion as moot.    Insofar as the government has not
agreed to the production requested, the court grants the motion to
the extent disclosure is required by a provision of Rule 16, *Brady*,
or *Giglio*; otherwise, the motion is denied.

H

*Request for Electronic Surveillance*

In category no. 19, Muhammad moves for the disclosure of all
stenographic, telephonic, and electronic recordings, including pen
registers, and transcriptions thereof, of all information and
evidence obtained by means of electronic eavesdropping and/or
surveillance by law enforcement officers, and all test results run
on said recordings, in order to permit him to adequately and
properly test the validity and authenticity of each recording prior
to trial by an expert of his choosing.    The government has not
specifically responded to this request.

Because the government has not responded to the motion, the
court must assume arguendo that there are such materials.    The
court grants the motion to the extent that the government must
comply with the requirements of *Brady*, *Giglio*, any provision of
Rule 16, Rule 26.2, 18 U.S.C. § 2510 *et seq.*, and the Jencks Act;
otherwise, the motion is denied.

I

*Agents' Notes*

In category no. 14, Muhammad requests production and permission to inspect and copy all handwritten and typed notes of the police officers who investigated and participated in any manner in this case.  In category no. 15, he requests production and permission to inspect and copy all handwritten and typed notes made by all law enforcement officers prior to, during, and after he was interrogated, or, in the alternative, that all such handwritten and typed notes be accurately preserved and maintained by said law enforcement officers until the trial so that they may be made available to the court and the jury on the issue of the voluntariness of his statements.  The government opposes the production of all handwritten notes of the agents made during the investigation, maintaining that such documents are outside the scope of discovery under Rule 16.  The court will address these requests *infra* at § II under defendant's separate motion to preserve agents' notes.

II

*Preserve Agents' Notes*

In Muhammad's motion to preserve agents' notes[3] he requests that the court order the government to preserve all rough notes,

---

[3]The motion contains the name of a defendant (Thomas) who is not charged in this case.  *See supra* note 2.

- 12 -

memoranda, resumes, synopses, etcetera taken by any and all government agents and others who were present during interviews of Muhammad. The government does not oppose preserving, as well as producing, these notes if they at one time existed; however, it maintains that Muhammad has never been interviewed and that no such notes were ever taken. Accordingly, because the requested information does not appear to exist, and because, if it is later found to exist, the government will produce it, the court denies Muhammad's motion to preserve agents' notes as moot.

Regarding Muhammad's more general request for production and disclosure of agent notes, the court expects the government to disclose any agent notes to the extent required to do so by *Brady* or *Giglio*. Further, if an agent's notes include material that qualifies as a "statement" under the Jencks Act, disclosure of that statement must be made under the procedure and timing that applies to a Jencks Act statement. And if the government possesses handwritten notes and tape recordings of government agents and of government attorneys and has not disclosed them, in whole or in part, to Muhammad, the government must no later than the pretrial conference tender them to the court *in camera* so that it can inspect them for possible additional disclosures and preserve them for appeal, if necessary.

To the extent Muhammad's request seeks more than that to which the government has agreed or that is granted by this order, it is

denied.

### III

*Attorney Participation in Voir Dire*

Muhammad moves the court to allow attorney participation in voir dire.[4]   The government does not oppose the motion to the extent the scope of the attorney's examination at voir dire complies with the procedures set out in the court's December 5, 2008 scheduling order.

In conducting voir dire, the court may examine prospective jurors or may permit the attorneys for the parties to do so.   Fed. R. Crim. P. 24(a)(1).   Because it is the regular practice of this court to allow attorney participation in voir dire, the motion is granted to the extent defendant's request comports with the procedures set out in the court's December 5, 2008 scheduling order.   The motion is otherwise denied.

### IV

*Separate Hearing to Determine the Existence of a Conspiracy
For Invocation of Rule 801(d)(2)(E)*

Muhammad asks the court to conduct a separate hearing, outside the jury's presence, to determine the admissibility of any coconspirator's statements that the government intends to introduce under the Fed. R. Evid. 801(d)(2)(E) coconspirator exception to the

---

[4]The motion assumes that the charges involve conspiracy to possess with intent to distribute and to distribute a controlled substance.   *See supra* note 2.

hearsay rule.  The government opposes the motion, maintaining that in this case a *James* hearing is unnecessary and overly burdensome. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979).

In *James* the Fifth Circuit held that coconspirators statements are admissible under the hearsay exception of Rule 801(d)(2)(E) only if substantial independent evidence of a conspiracy exists. *James*, 590 F.2d at 581.  "A *James* hearing, conducted outside the presence of the jury, is *one potential method* by which the district court may ensure [that] the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements."  *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (emphasis added).  But deciding "[w]hether a *James* hearing is necessary in a particular case is within the discretion of the trial court."  *Id.*  "*James* has *never required* a hearing outside the presence of the jury," *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (emphasis added), and it is not clear to the court, based on Muhammad's brief, that a separate hearing conducted outside the presence of the jury is warranted here. Accordingly, the court denies the motion.

The court recognizes, however, that during trial it must "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it [pursuant to Fed. R. Evid. 801(d)(2)(E)] before admitting declarations of a coconspirator." *Fragaso*, 978 F.2d at 900.  In complying with Rule

801(d)(2)(E), the court must determine whether there is sufficient "evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Id.* at 899 (quoting *Bourjaily v. United States,* 483 U.S. 171, 175 (1987)).  The court will adhere to these requirements in trying this case.

V

Except to the extent the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than August 24, 2009 with its disclosure and discovery obligations imposed by this order and by the government's agreement to produce what Muhammad has requested.  Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Muhammad will begin his cross-examination of a witness.

**SO ORDERED.**

August 12, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 16 -